UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

D.H., *a minor, by and through*  Plaintiff,
RICHARD HARRIS,

v.  Civil Action No. 3:14-cv-732-DJH

TODD MATTI, *et al.*,  Defendant.

\* \* \* \* \*

# MEMORANDUM OPINION AND ORDER

Plaintiff, D.H., by and through Richard Harris, originally sued Defendants—numerous police officers and government entities—in Meade Circuit Court. He asserted federal claims (under 28 U.S.C. § 1983 and the First and Fourteenth Amendments) and related state claims (including wrongful imprisonment, assault, battery, negligent hiring/training/supervision, and intentional infliction of emotional distress). Invoking federal question and supplemental jurisdiction, Defendants timely removed the case to this Court. (Docket No. 1).

The Complaint leads with the claims asserted pursuant to federal law. The first two paragraphs (just below the heading "JURISDICTION") state:

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and arising under the laws and statutes of the Commonwealth of Kentucky.

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1343(3), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to the Plaintiff by the First and Fourteenth Amendments to the Constitution of the United States.

(D.N. 1-3, PageID # 15-16).  Thus, Plaintiff's Complaint both (1) acknowledges that this case arises under the United States Constitution and a federal statute (42 U.S.C. § 1983); and (2) cites a federal statute (28 U.S.C. § 1343(3)) that grants original jurisdiction to federal district courts.

Despite his reliance on federal law, Plaintiff moved to remand this entire case back to Meade Circuit Court.  (D.N. 19).  In support of this motion, Plaintiff appears to present three arguments: (1) Defendants cited an outdated statute in their notice of removal, (2) state law issues predominate over federal law issues, and (3) this case should be consolidated with a criminal case in Meade Circuit Court.  Because none of these reasons has merit, the Court denies the motion to remand.

> **I.        An incorrect citation in the notice of removal is not grounds for remand**

The first issue is whether Defendants' erroneous citation to an outdated federal removal statute warrants remand.  Among other things, the current federal removal statute requires that a notice of removal include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).

Here, Defendants' notice of removal incorrectly cited an old version of 28 U.S.C. § 1441(b), under which a defendant could remove "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution . . . or laws of the United States."  That statute was amended in 2011, but the relevant substantive law was unchanged.  The current version of 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court *of which the district courts of the United States have original jurisdiction* . . . may be removed by the . . . defendants . . . ."  *Id.* § 1441(a) (emphasis added).  Defendants' removal notice does correctly state that under 28 U.S.C. § 1331, "[t]he district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331.

Viewing the removal notice in its entirety, it seems clear that Defendants invoked federal question and supplemental jurisdiction to remove based on the first two paragraphs of Plaintiff's Complaint. Though one quotation from Defendants' notice of removal is technically incorrect, the whole of the removal notice is substantively sufficient: It provides a "short and plain statement of the grounds for removal" as required by 28 U.S.C. § 1446(a).

## II.  28 U.S.C. § 1441(c) does not require remand

Plaintiff's second argument is more muddled. Quoting only the commentary to a statute that has since been revised (28 U.S.C. § 1441) and a case that does not appear relevant (*Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006)), Plaintiff argues that the Court should remand this entire case because state law matters predominate. This argument fails for two independent reasons.

Though the motion fails to identify specific subsections of 28 U.S.C. § 1441, Plaintiff presumably meant to cite 28 U.S.C. § 1441(c), which governs "Joinder of Federal Law Claims and State Law Claims." That subsection provides:

> (1) If a civil action includes—
>
>> (A) a claim arising under the Constitution, laws, or treaties of the United States within the meaning of section 1331 of this title), and
>>
>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall

3

> remand the severed claims to the state court from which the action was removed. . . .

28 U.S.C. § 1441(c).

The first fatal problem with Plaintiff's argument is that § 1441(c) does not apply because the Court maintains supplemental jurisdiction over the state claims. Under 28 U.S.C. § 1367, when a district court has original jurisdiction over a claim, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). State and federal law claims are part of the "same case or controversy" if they "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). As alleged in Plaintiff's Complaint, the federal law claims under 42 U.S.C. § 1983 and the First and Fourteenth Amendments arise from *the exact same set of facts* as the state law claims that follow. That easily satisfies 28 U.S.C. § 1367(a) and *Gibbs*. That several defendants have invoked sovereign immunity does not change this conclusion. After all, the Supreme Court has held that "[a] state's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim. But that circumstance does not destroy removal jurisdiction over the remaining claims in the case . . . ." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392-93 (1998). As such, 28 U.S.C. § 1441(c) does not even apply because the case is "within the original or supplemental jurisdiction of the district court."

The second fatal problem is that the statute does not allow for the relief that Plaintiff desires—namely, it does not allow the Court to remand an entire action to state court. This is because 28 U.S.C. § 1441(c)(2) would require the Court to sever those claims over which it lacked original or supplemental jurisdiction and remand only those claims to state court.

4

Plaintiff has not argued that its state claims should be severed and the Court sees no valid or compelling reason for severance. As such, Plaintiff's argument also fails on this basis.

### III. This case should not be consolidated with a criminal matter in state court

The final issue is whether a pending criminal matter in Meade Circuit Court requires remand. Plaintiff cites *KFC Corp. v. Kazi*, No. 3:12-cv-564-H, 2014 WL 2930833 (W.D. Ky. June 27, 2014), a civil case involving a dispute between a restaurant franchisee and two business entities, to support his claim that judicial economy and consistency require that this case be consolidated with a criminal case in Meade Circuit Court. The court's opinion in *Kazi* is inapplicable. There, the court applied Federal Rule of Civil Procedure 42(a) to consolidate two *civil* cases *already in federal court*; the opinion had nothing to do with removal, remand, consolidation with a case in state court, consolidation with a criminal case, or any other issue related to this motion to remand. Removal is a wholly separate matter that implicates unrelated statutes. Because Defendants have satisfied those federal removal statutes and established that this Court has jurisdiction, the existence of a criminal case in Meade Circuit Court is irrelevant to the Court's analysis. The case must remain in federal court.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is DENIED.

cc: Counsel of Record