UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

D.H., *a minor, by and through*                                                                PLAINTIFF
RICHARD HARRIS

v.                                                                          CIVIL ACTION NO. 3:14-CV-00732-CRS

TODD MATTI, *et al*.                                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

    Plaintiff D.H., a minor proceeding through Richard Harris, alleged over one hundred and fifty causes of action in this case against nine defendants. Plaintiff originally filed this action in Meade Circuit Court, and Defendants properly removed to this Court. The complaint asserted federal claims under 28 U.S.C. § 1983 and the First and Fourteenth Amendments, and related state claims of wrongful imprisonment, assault, battery, negligent hiring, training, and supervision, and intentional infliction of emotional distress. This Court has already dismissed the majority of these claims with prejudice. *See* Order July 27, 2015, ECF No. 36. Plaintiff's remaining claims against Defendant Jerry Clanton in his individual capacity include federal claims under 28 U.S.C. § 1983 and the Fourteenth Amendment, and related state claims of wrongful imprisonment, assault, and battery. *Id.*

    Defendant Jerry Clanton now moves this Court to dismiss Count IV of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). The Court will grant Defendant Clanton's motion and dismiss Plaintiff's claims against Clanton without prejudice.

I.      Factual Background

This Court has issued multiple opinions in the life of this case. At this stage of litigation, it is unnecessary to rehash the entire factual narrative we have already set to paper. *See* July 27, 2015 Mem. Op., ECF No. 35. For ease of reference, however, this Court will note that Defendant Clanton, whose motion the Court is now considering, was a Kentucky State Police Trooper during the period of these allegations. Plaintiff sued Clanton in his individual and official capacities. This Court dismissed Plaintiff's claims against Clanton in his official capacity. *See* Order July 27, 2015, ECF No. 36.

While the allegations in this matter are serious, Plaintiff's counsel has asserted many legally deficient claims. Indeed, Plaintiff includes factual allegations in her response to Clanton's motion to dismiss that may better serve Plaintiff in her complaint.

II.     Standard: Motion to Dismiss

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 (2007) (quoting *Twombly*, 550 U.S. at 555).

The Court does not consider facts or additional documents included in a response to a motion to dismiss that are not alleged in the pleadings. *See Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). The Court will only consider the allegations in the four corners of Plaintiff's complaint and will not consider the factual matter Plaintiff now asserts in her response to Clanton's motion to dismiss.

### III. Discussion

Defendant Clanton moves this Court to dismiss Plaintiff's claims included in Count IV of her complaint. The relevant portions of Count IV say:

> 45. Defendant Jerry Clanton, while in the course of his employment and duties with the Kentucky State Police, wrongfully restrained the minor Plaintiff, transported the Plaintiff, and sexually assaulted the minor Plaintiff….
> 48. That the allegations herein constitute a sexual assault upon the minor Plaintiff.
> 49. That the aforementioned acts and wrongful conduct of Defendants constituted an assault and battery for which Plaintiff is entitled to damages alleged herein.
> 50. That the allegations herein constitute a wrongful detention or imprisonment of Plaintiff, for which Defendants are liable to the Plaintiff in an amount to be determined at trial.
> 51. That the acts and wrongful conduct of the Defendants constituted an intentional infliction of emotional distress for which plaintiff is entitled to damages against Defendants in an amount to be determined at trial.

Plaintiff's allegations may generously be described as mere labels and conclusions of claims without sufficient factual support. Plaintiff does not address the elements of her alleged causes of action and gives insufficient factual matter to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 127 (quoting *Twombly*, 550 U.S. at 555). While this Court does not require Plaintiff to plead detailed factual allegations, Plaintiff

must plead enough factual matter for the Court to determine whether the complaint states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted). Plaintiff has not met this minimal pleading standard.

Plaintiff has not pleaded sufficient facts to state a claim for relief under 28 U.S.C. § 1983 and the Fourteenth Amendment, and for wrongful imprisonment, assault, and battery. The Court will dismiss Plaintiff's claims under Count IV of her complaint without prejudice.

### IV. Order

Accordingly, and the Court being sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that that the following claims are **DISMISSED WITHOUT PREJUDICE**:

- Plaintiff D.H.'s claims against Defendant Jerry Clanton in his individual capacity.

**IT IS SO ORDERED.**

November 20, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**