UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

D.H., *a minor, by and through*  PLAINTIFF
RICHARD HARRIS

v.  CIVIL ACTION NO. 3:14-CV-00732-CRS

TODD MATTI, *et al.*  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is in front of the Court on Defendant Chris Woosley's motion to dismiss for failure to state a claim. This Court ruled on a similar motion another defendant in this matter filed on July 1, 2015. ECF No. 30. In ruling on that motion, this Court said:

> While the allegations in this matter are serious, Plaintiff's counsel has asserted many legally deficient claims. Indeed, Plaintiff includes factual allegations in her response to Clanton's motion to dismiss that may better serve Plaintiff in her complaint.

Nov. 23, 2015 Mem. Op. and Order 2, ECF No. 41.

The allegations in the complaint against Woosley nearly mirror those that the Court dismissed for failure to state a claim against Defendant Clanton. Instead of moving to amend the complaint to cure its deficiencies, Plaintiff's counsel provided additional factual allegations in motion practice. For the reasons stated below, the Court will grant Woosley's motion to dismiss.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff D.H., a minor proceeding through Richard Harris, alleged over one hundred and fifty causes of action in this case against nine defendants. Plaintiff originally filed this action in Meade County Circuit Court, and Defendants properly removed to this Court. The complaint asserted federal claims under 28 U.S.C. § 1983 and the First and Fourteenth Amendments, and

1

related state claims of wrongful imprisonment, assault, battery, negligent hiring, training, and supervision, and intentional infliction of emotional distress. This Court has already dismissed the majority of these claims. *See* Mem. Op. and Order November 23, 2015, ECF No. 41; Order July 27, 2015, ECF No. 36.

This Court has issued multiple opinions in the life of this case. At this stage of litigation, it is unnecessary to rehash the factual narrative already set to paper. *See* July 27, 2015 Mem. Op., ECF No. 35. Plaintiff's remaining claims against Defendant Chris Woosley in his individual capacity are for wrongful imprisonment, assault, battery, and violation of Plaintiff's Fourteenth Amendment rights.

## STANDARD

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1).[1] Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the *complaint* alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

---

[1] The Court notes that Plaintiff's understanding of the motion to dismiss standard in federal court is incorrect. When in federal court, the complaint is not "considered by the applicable standard where the Complaint was initially filed." Pl.'s Resp. 2, ECF No. 48. Instead, the Federal Rules of Civil Procedure apply in federal court after removal, including in determining whether a complaint originally filed in state court states a claim for which relief can be granted. *See* Fed. R. Civ. P. 81(c)(1) & 12(b)(6).

2

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 (2007) (quoting *Twombly*, 550 U.S. at 555).

The Court does not consider facts or additional documents included in a response to a motion to dismiss that are not alleged in the pleadings. *See Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). "Matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Id.* at 88 – 89 (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). The Court only considers the allegations in the four corners of Plaintiff's complaint and does not consider the factual matter Plaintiff now asserts in her response to Woosley's motion to dismiss.

## DISCUSSION

Woosley moves this Court to dismiss Plaintiff's claims against him in his personal capacity. The following is the full extent of allegations against Woosley in Plaintiff's complaint:

> 30. Defendant, Chris Woosley, while in the course of his employment and duties with the Breckenridge County Sheriff's Office, wrongfully restrained the minor Plaintiff, transported the Plaintiff, and sexually assaulted the minor Plaintiff. [. . .]
>
> 34. That the allegations herein constitute a sexual assault upon the Plaintiff.
>
> 35. That the aforementioned acts and wrongful conduct of Defendants constituted an assault and battery for which Plaintiff is entitled to damages alleged herein.
>
> 36. That the allegations herein constitute a wrongful detention or imprisonment of Plaintiff, for which Defendants are liable to the Plaintiff in an amount to be determined at trial.
>
> 37. That the acts and wrongful conduct of the Defendants constituted an intentional infliction of emotional distress for which Plaintiff is entitled to damages against Defendants in an amount to be determined at trial.

Pl.'s Compl. ¶¶ 30; 34 – 37, ECF No. 1-3.

Similar to Plaintiff's allegations against Defendant Clanton, Plaintiff's allegations here may generously be described as mere labels and conclusions without sufficient factual support. Plaintiff does not address the elements of her alleged causes of action and gives insufficient factual matter to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 127 (quoting *Twombly*, 550 U.S. at 555). While this Court does not require Plaintiff to plead detailed factual allegations, Plaintiff must plead enough factual matter for the Court to determine whether the complaint states "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted). Plaintiff has not met this minimal pleading standard.

Instead of correcting these pleading deficiencies, Plaintiff's counsel now resorts to provoking Defendant Woosley that he "should be well aware of the allegations contained in the Complaint unless he is involved in so many sexual assaults of minor children that he has difficulty recalling which sexual assault of a minor female this Complaint addresses." Resp. 4, ECF No. 48. This is unnecessary and ignores Plaintiff's burden in federal court to plead in the complaint "factual content that allows *the court* to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (emphasis added).

Plaintiff has not pleaded sufficient facts to state a claim for relief against Defendant Chris Woosley in his individual capacity for wrongful imprisonment, assault, battery, and violation of Plaintiff's Fourteenth Amendment rights. The Court will dismiss these claims against Defendant Woosley without prejudice.

**ORDER**

Accordingly, and the Court being sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Court **GRANTS** Defendant Chris Woosley's motion to dismiss Plaintiff D.H.'s claims against him in his individual capacity (DN 46). The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff D.H.'s claims against Defendant Chris Woosley in his individual capacity.

**IT IS SO ORDERED.**

March 7, 2016

**Charles R. Simpson III, Senior Judge
United States District Court**

5