UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

D.H., *a minor, by and through*
RICHARD HARRIS,                                                                                PLAINTIFF

v.                                                                CIVIL ACTION NO. 3:14-CV-732-CRS

TODD MATTI, *et al.*,                                                                      DEFENDANTS

### MEMORANDUM OPINION

This matter is in front of the Court on two motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Stratford Young and Todd Matti. Def.'s Mot. Dismiss, ECF No. 55 & 56. The Court ruled on two similar motions on November 23, 2015 and March 7, 2016 against Defendants Jerry Clanton and Chris Woosley. ECF No. 41 & 50. The allegations in the complaint against Defendants Young and Matti nearly mirror those that the Court dismissed for failure to state a claim against Defendants Clanton and Woosley.

In both rulings, the Court dismissed the claims without prejudice because Plaintiff failed to plead sufficient facts in her complaint to state a claim for relief. Ruling on Clanton's motion, the Court noted, "While the allegations in this matter are serious, Plaintiff's counsel has asserted many legally deficient claims. Indeed, Plaintiff includes factual allegations in her response to Clanton's motion to dismiss that may better serve Plaintiff in her complaint." Nov. 23, 2015 Mem. Op. and Order 2, ECF No. 41. In ruling on Woosley's motion, the Court similarly remarked, "Instead of moving to amend the complaint to cure its deficiencies, Plaintiff's counsel provided factual allegations in motion practice." Mar. 7, 2016 Mem. Op. and Order 1, ECF No.

1

50. Once again, Plaintiff's counsel has used her responses to the present motions to dismiss to assert additional factual allegations, which the Court may not consider. For the reasons stated below, the Court will grant Defendants' motions and dismiss Plaintiff's claims against Young and Matti without prejudice.

I. Procedural and Factual Background

Plaintiff D.H., a minor proceeding through Richard Harris, alleged over one hundred fifty causes of action in this case against nine defendants. Plaintiff originally filed this action in Meade County Circuit Court, and Defendants properly removed it to this Court. The complaint asserts federal claims under 28 U.S.C. § 1983 and the First and Fourteenth Amendments, as well as related state claims of wrongful imprisonment, assault, battery, negligent hiring, training, and supervision, and intentional infliction of emotional distress. The Court has dismissed the majority of these claims. *See* Mar. 7, 2016 Mem. Op. and Order, ECF No. 50; Nov. 23, 2015 Mem. Op. and Order, ECF No. 41; July 27, 2015, Order, ECF No. 36.

This Court has issued multiple opinions in the life of this case. At this stage of litigation, it is unnecessary to rehash the factual narrative. *See* July 27, 2015 Mem. Op. 2–5, ECF No. 35. For ease of reference, however, this Court notes that Defendant Young was a Kentucky State Police Trooper and Defendant Matti was a Police Officer for the Police Department of the City of Brandenburg during the period of these allegations. Plaintiff sued them in their individual and official capacities. This Court dismissed Plaintiff's claims against them in their official capacities. *See* July 27, 2015 Order, ECF No. 36. Plaintiff's remaining claims against Defendants Young and Matti in their individual capacities are for wrongful imprisonment, assault, battery, and violation of Plaintiff's Fourteenth Amendment rights under 28 U.S.C. § 1983.

II.	Legal Standard

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1).[1] Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

The Court does not consider facts or additional documents included in a response to a motion to dismiss that are not alleged, or at least referenced, in the pleadings. *See In re Fair Finance Co.*, No. 15-3854, 2016 WL 4437606, at *1 n.1 (6th Cir. Aug. 23, 2016). "Matters

---

[1] As the Court pointed out in the last two memorandum opinions, Plaintiff's continued assertion that this Court should analyze the complaint under the less stringent Kentucky pleading standard is incorrect. When in federal court, the complaint is not "considered by the applicable standard where the Complaint was initially filed." Pl.'s Resp. 2, ECF No. 58; Pl.'s Resp. 2, ECF No. 59. Instead, the Federal Rules of Civil Procedure apply in federal court after removal, including in determining whether a complaint originally filed in state court states a claim for which relief can be granted. *See* Fed. R. Civ. P. 81(c)(1) & 12(b)(6).

outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss." *Id.* Thus, the Court will only consider the allegations in the four corners of Plaintiff's complaint and will not consider the factual matters Plaintiff now asserts in her responses to these motions to dismiss.

III. Discussion

Defendants Young and Matti move this Court to dismiss Plaintiff's claims against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The allegations in the complaint against Defendants Young and Matti are nearly identical. The full extent of the allegations against Defendant Young state:

> 38. Defendant Stratford Young, while in the course of his employment and duties with the Kentucky State Police, wrongfully restrained the minor Plaintiff, transported the Plaintiff, and sexually assaulted the minor Plaintiff on multiple occasions.
> . . . .
> 41. That the allegations herein constitute a sexual assault upon the minor Plaintiff.
> 42. That the aforementioned acts and wrongful conduct of Defendants constituted an assault and battery for which Plaintiff is entitled to damages alleged herein.
> 43. That the allegations herein constitute a wrongful detention or imprisonment of Plaintiff, for which Defendants are liable to the Plaintiff in an amount to be determined at trial.
> 44. That the acts and wrongful conduct of the Defendants constituted an intentional infliction of emotional distress for which Plaintiff is entitled to damages against Defendants in an amount to be determined at trial.

Compl. ¶¶ 38; 41–44, ECF No. 1-3. The full extent of the allegations against Defendant Matti similarly state:

> 22. Defendant Todd Matti, while in the course of his employment and duties with the Police Department of the City of Brandenburg, Kentucky, wrongfully restrained the minor Plaintiff, transported the minor Plaintiff, and sexually assaulted the minor Plaintiff.
> . . . .
> 26. That the aforementioned acts and wrongful conduct of Defendant Matti constituted an assault and battery for which Plaintiff is entitled to damages alleged herein.
> 27. That the allegations herein constitute a wrongful detention or imprisonment of Plaintiff, for which Defendants are liable to the Plaintiff in an amount to be determined at trial.

> 28. That the allegations herein constitute a sexual assault upon the minor Plaintiff.
> 29. That the acts and wrongful conduct of the Defendants constituted an intentional infliction of emotional distress for which Plaintiff is entitled to damages against Defendants in an amount to be determined at trial.

Compl. ¶¶ 22; 26–29, ECF No. 1-3. Like Plaintiff's allegations against Defendants Clanton and Woosley, Plaintiff's allegations here may generously be described as mere labels and conclusions without sufficient factual support. Plaintiff does not address the elements of her alleged causes of action and gives insufficient factual matter to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (internal quotations and citations omitted). While this Court does not require Plaintiff to plead detailed factual allegations, Plaintiff must plead enough factual matter for the Court to determine whether the complaint states "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted). Plaintiff has not met this minimal pleading standard.[2]

It is perplexing that, after having been admonished by this Court for the same language in the March 7, 2016 Memorandum Opinion and Order, Plaintiff's counsel would persist in saying, "Defendant . . . should be well aware of the allegations contained in the Complaint unless he is involved in so many sexual assaults of minor children that he has difficulty recalling which sexual assault of a minor female this Complaint addresses." Pl.'s Resp. to Mot. Dismiss 4, ECF No. 58; *see also* Pl.'s Resp. to Mot. Dismiss 4, ECF No. 59. Again, this language is unnecessary and ignores Plaintiff's burden in federal court to plead in the complaint "factual content that

---

[2] Plaintiff asserts in her responses to these motions to dismiss that both Defendants here have accepted plea agreements in the parallel criminal cases surrounding Defendants' interactions with Plaintiff. Such information, along with other facts alleged in Plaintiff's responses, could allow the Court to infer that Defendants are liable for the misconduct alleged. However, these criminal matters and factual allegations were not brought to the attention of the Court through Plaintiff's complaint. It is not the duty of this Court to independently investigate matters outside the complaint on a Rule 12(b)(6) motion to dismiss. Rather, this Court reiterates that the allegations within the four corners of this complaint, unamended, fail to plead sufficient facts necessary to state a claim.

allows *the court* to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (emphasis added).

IV.   Conclusion

Plaintiff has not pleaded sufficient facts to state a claim for relief against Defendants Young and Matti under wrongful imprisonment, assault, battery, or violation of Plaintiff's Fourteenth Amendment rights under 28 U.S.C. § 1983. The Court will dismiss Plaintiff's claims against Defendants Young and Matti without prejudice.

The Court will enter an order in accordance with this opinion.

September 30, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**